# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                        Case No. 11-20020-02-JWL
                                                                16-cv-2029-JWL

**Mark R. Davis,**

    **Defendant.**

## MEMORANDUM & ORDER

In early 2016, Mr. Davis filed a pro se petition pursuant to 28 U.S.C. § 2255. Thereafter, the Office of the Federal Public Defender entered the case on his behalf and filed an amended petition setting forth three issues—that he was wrongly sentenced as a career offender; that he improperly received an enhanced sentence under the ACCA; and that his § 924(c) conviction was invalid because Hobbs Act robbery does not qualify as a crime of violence. Mr. Davis's § 2255 proceedings were stayed pending the resolution of cases pertinent to the issues alleged therein. In September 2017, Mr. Davis amended his § 2255 petition and, in doing so, expressly withdrew his his career offender challenge in light of *Beckles v. United States*, 137 S. Ct. 886 (2017). In January 2019, the court granted Mr. Davis's request to withdraw his § 924(c) claim in light of precedent decided subsequent to his petition. The court has now received Mr. Davis's August 13, 2019 status report in which he concedes that his remaining claim—his claim that his prior convictions for robbery in Missouri can no longer serve as predicate violent felonies for purposes of the Armed Career Criminal Act (ACCA)—must be denied in light of the Tenth Circuit's decision in *United States v. Ash,* 917 F.3d 1238 (10th Cir. 2019). Thus, because Mr. Davis concedes that his

remaining claim must be denied, and there are no other claims to resolve, the court denies his § 2255 petition in its entirety.

The court also denies a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability. Reasonable jurists could not debate the court's decision to deny Mr. Davis's petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Davis's motion to vacate under 28 U.S.C. § 2255 (doc. 218) is **denied**.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge