## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                      **Case No. 11-20020-02-JWL**
                                              **20-cv-2097-JWL**

**Mark R. Davis,**

       **Defendant.**

### MEMORANDUM & ORDER

Petitioner Mark R. Davis was convicted by a jury of robbery, 18 U.S.C. § 1951, use of a firearm during a robbery, 18 U.S.C. § 924(c), and being a felon in possession of a firearm, 18 U.S.C. § 922(g). His conviction was affirmed by the Tenth Circuit. In January 2016, Mr. Davis filed a motion to vacate his conviction under 28 U.S.C. § 2255, which this court ultimately denied in August 2019.[1]

Mr. Davis has now filed another motion to vacate his conviction pursuant to 28 U.S.C. § 2255 and a motion to appoint counsel to represent him in connection with "any further proceedings." Because the motion to vacate constitutes a second or successive motion under § 2255, Mr. Davis must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss these claims for lack of jurisdiction or transfer the motion to

---

[1] Mr. Davis's § 2255 proceedings were stayed for a substantial period of time pending the resolution of cases pertinent to the issues alleged therein.

the Tenth Circuit for a determination whether to permit successive § 2255 proceedings.  *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).  The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id.*

The court declines to transfer Mr. Davis's motion to the Circuit because it is unlikely that Mr. Davis's claims have merit.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h).  He has not directed the court to any newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Davis guilty or a new rule of constitutional law that would bear on his conviction.  The court, then, dismisses the motion for lack of jurisdiction.

The court denies Mr. Davis's motion to appoint counsel.  There is no constitutional right to counsel beyond the direct appeal of a conviction.  *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Mr. Davis presently has no claims before the court.  If Mr. Davis files a motion that reflects that he may be entitled to some relief, the court will consider a request for the appointment of counsel at that point.

Finally, the court considers whether to issue a certificate of appealability.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on

procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability because it is not debatable that Mr. Davis's motion to vacate is a successive petition that the court lacks jurisdiction to resolve.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Davis's motion to vacate under 28 U.S.C. § 2255 (doc. 270) is **dismissed** for lack of jurisdiction and Mr. Davis's motion to appoint counsel (doc. 271) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **denied.**

**IT IS SO ORDERED.**

Dated this 7th day of May, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3