IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-20020-02-JWL |
| ) | |
| MARK R. DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (Doc. # 293). For the reasons set forth below, the Court in its discretion **denies** the motion.

Defendant was convicted of three offenses arising out of an armed robbery, and he was sentenced to a total term of imprisonment of 360 months. His convictions and sentence were affirmed on direct appeal, and his collateral attacks have been unsuccessful. His current projected good-time release date is December 2036, and he is presently incarcerated at FCI Williamsburg.

In his present motion, defendant seeks immediate release from prison pursuant to Section 3582(c), with the suggestion that home confinement be added as a term for a portion of an extended period of supervised release. As the sole basis for his motion, defendant cites his elevated risk of harm from the ongoing COVID-19 coronavirus

pandemic in light of his medical conditions, which include pre-diabetes, hypertension, an irregular heartbeat, and liver and gastrointestinal issues.

As a general matter, a federal court may not alter a term of imprisonment once imposed, but Section 3582(c) provides one exception to that general rule of finality. *See United States v. McGee*, __ F.3d __, 2021 WL 1168980, at *4 (10th Cir. Mar. 29, 2021). That statute provides that a court, after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] The district court determines what constitutes "extraordinary and compelling reasons." *See McGee*, 2021 WL 1168980, at *8.[2] The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

---

[1] The statute also contains an exhaustion requirement, but the Government concedes that defendant has satisfied that requirement in this case, as defendant filed his motion more than 30 days after he requested relief from his prison's warden. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

[2] Section 3582(c) also requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has held, however, that U.S.S.G. § 1B1.13, the existing policy statement promulgated by the Sentencing Commission concerning a sentence reduction for extraordinary and compelling reasons, applies by its terms only to motions filed by the Bureau of Prisons, and thus does not apply in the case of a motion filed by a defendant. *See McGee*, 2021 WL 1168980, at *12. Thus, the Court does not consider Section 1B1.13 here in determining whether extraordinary and compelling reasons warrant a reduction of defendant's sentence.

This Court has not granted relief under Section 3582 solely because of the pandemic, but has required a defendant to show a particularized increased risk of serious harm from the virus based on his or her medical conditions. *See United States v. Draper*, 2021 WL 638022, at *2 (D. Kan. Feb. 18, 2021) (Lungstrum, J.) (noting the defendant had not made such a particularized showing). The Government concedes that if a defendant suffers from a condition that the CDC has indicated may increase the risk of harm from the virus, the requisite extraordinary and compelling reasons for a reduction may be present. The Government does not dispute that defendant does suffer from such conditions as identified by the CDC. The Government does dispute, however, the severity of defendant's medical conditions and the extent to which his risk of harm from the virus is elevated. The Government also disputes that any increased risk warrants immediate release here, in light of the length of defendant's remaining sentence, the nature of the offenses of conviction, defendant's criminal history, and the measures taken by the Bureau of Prisons (BOP) to combat the virus.

The Court concludes that the increased risk of harm from the virus is not sufficient to warrant immediate release when the Section 3553(a) factors are considered. Defendant has identified conditions that create an increased risk of harm from the virus, but he has not presented evidence that the risk is particularly high or that his medical condition is particularly serious. Contrary to defendant's assertion, the virus is not running rampart at his place of incarceration, at which the BOP has implemented safety measures and administered nearly a thousand tests, and where only two present cases have been reported among the inmates. Moreover, the BOP continues its efforts to offer vaccines to all

inmates. Thus, the Court is not persuaded that defendant's medical condition provides an extraordinary and compelling reason for his immediate release or any other reduction in the length of his sentence.

In addition, the Section 3553(a) factors do not weigh in favor of a reduction to time served. *See* 18 U.S.C. § 3553(a). Defendant has an extensive criminal history, dating back to his time as a juvenile, including offenses involving the use of deadly weapons. The offenses for which he is presently imprisoned also involved the use of a firearm, and defendant was given a 360-month sentence based on his status as an armed career criminal. Significantly, his release is not otherwise imminent, as at least 15 years remain on his sentence. Thus, a reduction of defendant's sentence to time served would not result in a sufficient sentence in light of his offenses and criminal history. Defendant stresses that he has not been disciplined in prison in recent years, but he previously was involved in multiple incidents of possessing dangerous weapons while serving the present sentence. In light of those incidents and his history of recidivism, the Court is not convinced that defendant would pose no danger to the public if released early. Finally, defendant cites two programs that he has completed while in prison, but those accomplishments are not particularly impressive given the length of his incarceration and do not establish that he has been completely rehabilitated.

Accordingly, the Court in its discretion concludes that a reduction of defendant's sentence is not warranted under Section 3582(a). The Court therefore denies the motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (Doc. # 293) is hereby **denied**.

IT IS SO ORDERED.

Dated this 28th day of April, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge