IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-20020-02-JWL |
| ) | Case No. 21-2171-JWL |
| MARK R. DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's petition to vacate his conviction for being a felon in possession of a firearm (Doc. # 291). For the reasons set forth below, the Court **dismisses** the petition for lack of jurisdiction.

In 2012, defendant was convicted by a jury of three offenses, including being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced in 2013, and his convictions and sentence were affirmed on direct appeal. In August 2019, the Court denied defendant's petition to vacate his convictions pursuant to 28 U.S.C. § 2255. In March 2020, defendant filed another Section 2255 petition, which the Court dismissed by Memorandum and Order of May 7, 2020. *See United States v. Davis*, 2020 WL 2218829 (D. Kan. May 7, 2020) (Lungstrum, J.). The Court ruled that it lacked jurisdiction under Section 2255 to entertain a successive petition without prior authorization by the Tenth

Circuit; it declined to transfer the petition to the Tenth Circuit; and it denied defendant a certificate of appealability.  *See id.*

On February 10, 2021, defendant filed a document titled (in various places) as follows:  "First Amendment Right;" "To Petition the Federal Government for Redress of Grievance – First Amendment to the United States Constitution;" and "First Amendment Petition."  By this document, defendant appears to invoke the First Amendment's petition clause to request (as he states in his conclusion) that his Section 922(g) conviction and sentence be "vacated" and "dismissed" and "overturned".  In his reply brief, defendant again requests that his conviction and sentence for that offense be overturned and the charge be dismissed.  He argues that the conviction and sentence should be deemed "void" and that the Court had no jurisdictional authority to convict and sentence him for that offense because the "possession" prong of Section 922(g) refers to a connection to "commerce" and not "interstate commerce" as required for federal jurisdiction under the Interstate Commerce Clause.

Defendant has not invoked this Court's jurisdiction under Section 2255; indeed, in his reply brief, defendant insists that he is *not* requesting relief pursuant to that statute.  Instead defendant cites in his petition the First Amendment as the basis for his request for relief.  The First Amendment does not provide a mechanism for mounting a collateral attack on his conviction, however.

In his reply brief, defendant cites "12(b)(1)" as the basis for his challenge to the Court's jurisdictional authority to convict and sentence him for the violation of Section 922(g).  Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a motion to

dismiss a *civil* case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Defendant's petition has been assigned a civil case number because he is mounting a collateral attack on his criminal conviction. He does not seek dismissal of his present petition, however; rather, he seeks dismissal of one of the charges brought in his criminal case. Thus, civil rule 12(b)(1) is not applicable here. *Criminal* rule 12(b)(1) provides that a party in a criminal case may raise an issue by *pretrial* motion, *see* Fed. R. Crim. P. 12(b)(1), and thus it has no relevance to this post-conviction proceeding. Criminal rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending," *see* Fed. R. Crim. P. 12(b)(2), but defendant's criminal case is no longer pending. Thus, these rules do not provide a basis for the Court's exercise of jurisdiction to consider defendant's present request that his conviction and sentence be vacated.

Accordingly, defendant has not identified any authority that would allow such an attack other than pursuant to Section 2255. By this petition, defendant requests that his conviction be vacated because the Court lacked jurisdiction to convict him for violating an unconstitutional statute; thus, despite defendant's insistence to the contrary, the Court is compelled to treat that request as a petition for relief from his conviction and sentence under Section 2255. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006).

Defendant previously filed petitions under Section 2255 on two occasions. Thus, defendant's present petition constitutes a successive petition under 28 U.S.C. § 2255(h), which must first be certified by the Tenth Circuit. *See id.* Defendant has not shown that

3

he has acquired such certification; thus, the Court lacks jurisdiction to consider the petition. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

The Court must therefore dismiss the petition or transfer it to the Tenth Circuit for a determination whether the successive petition should be permitted. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The Court is not entitled to transfer the petition unless it concludes that such a transfer would be in the "interests of justice." *See id.* In this case, the Court declines to transfer the petition to the Tenth Circuit because the petition likely lacks merit. *See United States v. Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Defendant has not identified any new evidence or a new rule of constitutional law, and thus he has not established a proper basis for a successive petition under 28 U.S.C. § 2255(h). *See id.* Moreover, the Tenth Circuit has previously rejected challenges to Section 922(g)'s possession prong under the Commerce Clause, *see, e.g.*, *United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2008), and defendant has not cited the opinion of any court that has adopted his interpretation of Section 922(g).

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists

---

[1] The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to vacate one of his convictions (Doc. # 291) is hereby **dismissed** for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 11th day of May, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge