# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                           Case No. 11-20020-02-JWL

**Mark R. Davis,**

      **Defendant.**

## MEMORANDUM AND ORDER

Defendant filed a pro se motion to modify sentence and for immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 325). In its response, the government asserts that the motion must be denied because defendant has failed to show that he exhausted his administrative remedies with respect to the claims raised in the motion. Defendant, in reply, concedes that the motion must be denied and asks the court to deny the motion without prejudice to refiling once defendant exhausts his administrative remedies. The court agrees with the parties that this approach is the correct one at this juncture. *See United States v. Hemmelgarn*, 15 F.4th 1027 (10th Cir. 2021) (exhaustion is not jurisdictional but is a mandatory claims-processing rule); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced."). Defendant's motion, then, is denied without prejudice to refiling once he exhausts his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to modify sentence and for immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 325) is denied without prejudice to refiling once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2024, at Kansas City, Kansas.

                                                  s/John W. Lungstrum
                                         HON. JOHN W. LUNGSTRUM
                                         United States District Judge