**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

United States of America,

      **Plaintiff,**

v.                                                                                    **Case No. 11-20020-02-JWL**

**Mark R. Davis,**

      **Defendant.**

## <u>MEMORANDUM & ORDER</u>

Defendant was convicted of three offenses arising out of an armed robbery, and he was sentenced to a total term of imprisonment of 360 months.  His convictions and sentence were affirmed on direct appeal, and his collateral attacks have been unsuccessful.  His current projected good-time release date is December 2036, and he is presently incarcerated at FCI Williamsburg.  This matter is now before the court on defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 330).  As will be explained, the motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C.

§ 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be

---

[1] The government concedes that defendant has exhausted his administrative remedies.

imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

*Medical Circumstances*

Defendant first moves for immediate release on the grounds that he suffers from health conditions that place him at a higher risk for experiencing severe illness or death if he contracts COVID-19 and that the conditions of his confinement now and during the pandemic have worsened his mental health issues, including anxiety disorder, posttraumatic stress disorder and antisocial personality disorder.  The applicable policy statement requires defendant to show that he is (1) suffering from a terminal illness; (2) suffering from a serious physical or medical condition or cognitive impairment that substantially diminishes his ability to provide self-care, (3) suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which defendant is at risk of serious deterioration in health or death; or (4) that he is housed at a correctional facility being affected by an ongoing outbreak of an infectious disease or public health emergency and that defendant is at increased risk of suffering severe medical complications due to exposure to the outbreak. *See* U.S.S.G. § 1B1.13(b)(1)(A)-(D).

Defendant has not established any of these factors.  The record confirms defendant's assertions that he suffers from hypertension, hypermetropia, hyperlipidemia, gastro-esophageal reflux, cardiac arrhythmia, prediabetes and presbyopia.  But the record reflects that defendant and the BOP together are managing defendant's conditions effectively.  In fact, medical notes from a January 2024 examination reflect that defendant was engaging in regular exercise and complying

with medications and that all chronic care issues were addressed.  With respect to defendant's mental health, the government concedes that defendant continues to suffer from anxiety, PTSD and antisocial personality disorder.  But the records reflect that defendant is compliant with the medications prescribed to treat these disorders and there is no showing that defendant is incapable of functioning or providing self-care as required by the policy statement.  Moreover, defendant does not allege that he requires specialized care that the BOP is not providing to him.  In short, there is simply insufficient evidence to support the conclusion that defendant's physical or mental health warrants immediate release from custody.

*Family Circumstances*

Defendant next contends that his grandmother's medical conditions constitute an extraordinary and compelling reason for his immediate release.  According to defendant, his grandmother is no longer capable of caring for herself and she needs defendant in her home to care for her.  Under the applicable policy statement, defendant must establish that he is the only available caregiver for his grandmother.  *See* U.S.S.G. § 1B1.13(b)(3)(D).  He has not done so. He asserts that his three sisters have "busy lives" and cannot provide "consistent, lasting" assistance and that he is the "best choice" for the job.  One of defendant's sisters has provided a letter indicating that she and another sister are too busy with their own families to provide around-the-clock care for their grandmother.  Defendant also provides evidence that his grandmother will only accept defendant and no others into her home for assistance.

These assertions do not establish, however, that defendant is the only choice available to care for his grandmother or that other reasonable options for care are unavailable.  While

4

defendant's family might have a strong preference that defendant act as the primary caregiver for his grandmother, there is simply no clear evidence in the record that defendant is the "only" available caregiver as required by the policy statement. *See United States v. Cain*, 2024 WL 3950641, at *4 (W.D. Wash. Aug. 27, 2024) (defendant failed to show that family circumstances constituted extraordinary and compelling reason for release where evidence demonstrated only that other siblings had busy lifestyles and that defendant was the most logical person to help as opposed to the only person who could help); *United States v. Watford*, 2023 WL 4862905, at *2 (N.D. Ind. July 31, 2023) (same, where siblings were unable or unwilling to care for parent due to their own busy lives); *see also United States v. Tobolsky*, 2024 WL 323476, at *3 (D.N.J. Jan. 29, 2024) (collecting cases reflecting that inconvenience to other family members does not render a defendant the only available caregiver).

*Rehabilitation and Age at Time of Prior Offenses*

Lastly, defendant asserts that he has been rehabilitated while in custody and that his prior offenses (which contributed to his criminal history category of VI) occurred when he was an "immature youth." Neither argument falls within the listed categories in U.S.S.G § 1B1.13(b) and certainly neither one is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement such that it might satisfy the catch-all provision in subsection (b)(5). Moreover, the court rejects the idea that defendant's age at the time of his significant prior offenses excuses his conduct. He was 22 at the time he was convicted in Missouri of several

violent offenses.[2]  Defendant's criminal record does not suggest an isolated incident of poor judgment by a young person.  That leaves only defendant's argument that he has been rehabilitated.  However, rehabilitation alone is not an extraordinary and compelling reason for release.  28 U.S.C. § 994(t).

*Summary*

While the court has addressed each of defendant's arguments for a sentence reduction individually, the court emphasizes that even viewing all of those circumstances in combination, defendant has not demonstrated extraordinary and compelling circumstances that warrant a sentence reduction.  His motion is, therefore, denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 330) is **denied.**

**IT IS SO ORDERED.**

Dated this 7th day of October, 2024, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

---

[2] Defendant committed the instant offenses at the age of 33.