# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                                          **Case No. 11-20020-02-JWL**

**Mark R. Davis,**

    **Defendant.**

## MEMORANDUM & ORDER

Defendant was convicted of three offenses arising out of an armed robbery, and he was sentenced to a total term of imprisonment of 360 months. His convictions and sentence were affirmed on direct appeal. His current projected good-time release date is December 2036, and he is presently incarcerated at FCI Williamsburg. In October 2024, the court denied defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) after finding that defendant had not demonstrated extraordinary and compelling circumstances warranting a sentence reduction. Defendant has appealed that decision to the Tenth Circuit.

This matter is now before the court on defendant's motion for discovery (doc. 340) in which he asks the court to require the government to produce to him certain documents that he believes the government possesses relating to defendant's phone call records during his incarceration prior to the start of his trial. He gives no indication as to the basis for his request and there is no substantive motion for relief pending before the court. To the extent his request relates to his recent motion to modify sentence, defendant's notice of appeal has divested the court of jurisdiction to consider any matters relating to that motion. *See Griggs v. Provident Consumer*

*Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). To the extent his request relates to something else entirely, there is no basis in the Federal Rules of Criminal Procedure that might authorize the court to grant that request in the absence of a pending § 2255 motion. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018) ("In the aftermath of a final judgment of conviction and sentence and in the absence of a pending § 2255 motion, there was no action in the district court to which the motion [to compel] could apply.") (quoting *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016)).

Because defendant has not proffered any basis for jurisdiction over this matter, he has not met his burden of establishing that the court has jurisdiction over his post-conviction motion for discovery. *See United States v. Benitez*, 720 Fed. Appx. 509, 510 (10th Cir. 2018) ("As the movant, Mr. Benitez bore the burden to establish the district court's jurisdiction over his second and third motions to compel. He failed to carry his burden, preventing the district court from exercising jurisdiction over the motions."). The motion, then, is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for discovery (doc. 340) is dismissed.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2024, at Kansas City, Kansas.

                                                s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge